[Civ. No. 623.   Third Appellate District.—December 17, 1909.]

## COUNTY OF YUBA, Appellant and Respondent, v. NORTH AMERICA CONSOLIDATED GOLD MINING COMPANY, a Corporation, and CHARLES S. DEISEM, Respondents and Appellants.

ACTION BY COUNTY—EQUITY PROCEEDING—INJUNCTION AGAINST NONRESIDENTS—CHANGE OF PLACE OF TRIAL—PARTIES.—An action by a county brought in the superior court therein, against nonresidents to enjoin them from depositing mining debris in a river, to the injury of its property, is not a special proceeding, but is an action in equity, within the meaning of section 394 of the Code of Civil Procedure, requiring a change of the place of trial thereof to some other county. A motion to change the place of trial of such action may be made by defendants who have been served with summons, and have appeared and demurred and filed an affidavit of merits; and fictitious defendants not served with summons are not parties to be considered upon such motion.

ID.—MANDATORY STATUTE.—The language of that portion of section 394 of the Code of Civil Procedure which applies to an action by a county as plaintiff against a mining corporation doing business in another county is mandatory that the action must, on motion of the defendant, be transferred to a county other than that of the plaintiff.

ID.—RIGHTS OF DEFENDANT—TRANSFER NOT ALLOWED TO PRINCIPAL PLACE OF BUSINESS.—While the mining corporation has the right to demand a transfer, no right is given to it to have a transfer of the action to the county where it has its place of business, nor to any other particular county.

ID.—SELECTION OF COUNTY IN DISCRETION OF COURT.—The selection of the county to which the case is to be transferred is left to the discretion of the court, taking into consideration all the facts appearing in the record, the convenience of witnesses so far as may be apparent before answer filed, and all other reasons that may properly affect the exercise of its discretion.

ID.—COUNTIES DESIGNATED BY DEFENDANT—DISREGARDED AS SURPLUSAGE.—Where the defendant has designated alternative counties for the transfer of the cause, such designation will be disregarded as surplusage, being irrelevant and redundant matter in the motion, leaving only the demand and motion for change of venue as contemplated by the statute.

ID.—CONSTITUTIONALITY OF CODE PROVISION AS TO ACTION BY COUNTY.—Section 16 of article XII of the constitution, providing that a cor-

poration may be sued in any county where the obligation or liability arises, etc., "subject to the power of the court to change the place of trial as in other cases," authorizes the court to look to section 394 of the Code of Civil Procedure for some of the "other cases" referred to in that section of the constitution in which the change of the place of trial is provided for.

ID.—CODE PROVISION NOT SPECIAL LEGISLATION.—Section 394 of the Code of Civil Procedure is not special legislation "regulating the practice of courts of justice," or "providing for changing the venue of actions," merely because it provides a different rule in the case of nonresident defendants from that which applies to resident defendants. Legislation authorizing a change of venue in the case of nonresident defendants is not in any just sense special legislation within the prohibition of the constitution.

CROSS-APPEALS from an order of the Superior Court of Yuba County, changing the place of trial of the action. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court, and in the opinion of the trial judge adopted by the court.

F. H. Greely, and W. H. Morrisey, for County of Yuba, Appellant and Respondent.

Niles E. Wretman, for Defendants, Respondents and Appellants.

CHIPMAN, P. J.—Defendants, North America Consolidated Gold Mining Company and Charles S. Deisem, moved for a change of the place of trial either to Sierra county or Santa Clara county. The court granted their motion to transfer the case, but designated the county of Sacramento as the place of trial. The trial judge, in making his order, rendered the following opinion in which the facts appear and in which we think the learned trial judge correctly states the law:

"Some of the defendants in the above-entitled action have been sued under fictitious names and have not been served with summons, and under well-settled decisions they are not to be regarded in the consideration of the motion for a change of venue made by the defendants who have been served, have appeared, demurred and filed their affidavits of merits. This motion for a change of venue is based upon section 394 of

the Code of Civil Procedure, or that portion of said section which is as follows:

" 'Whenever an action is brought by a county or city against residents of another county or city, or a corporation doing business in the latter, the action must be, on motion of the defendant, transferred for trial to a county other than the plaintiff, if the plaintiff is a county, and other than that in which the plaintiff is situated, if the plaintiff is a city.'

"It is contended by the plaintiff herein that this section does not apply, basing that contention upon the claim that this is not an 'action,' but 'a special proceeding.' *It is a suit for an injunction, a proceeding in equity.* 'An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' (Code Civ. Proc., sec. 22.) 'Every other remedy is a special proceeding.' (Code Civ. Proc., sec. 23.) 'Any proceeding in a court which, under the common law and equity practice, was not either an action at law or a *suit in equity* is a special proceeding under this section.' (*In matter of Central Irr. Dist.*, 117 Cal. 382, [49 Pac. 354]; 1 Ency. of Pl. & Pr. 112.)

"There can be no doubt at all upon the matter of application of the section 394, Code of Civil Procedure, to this suit. It appears from the complaint and defendants' showing that the county of Yuba, as plaintiff, has brought an action against a corporation doing business in another county and the language of the section is mandatory; 'the action must be, on motion of the defendant, transferred to a county other than the plaintiff, if the plaintiff is a county.'

"All the steps taken by defendant seem to have been duly taken in time and in the manner exactly prescribed by the code, except in one respect. It appears that under the said section, when the plaintiff is a county suing a corporation doing business in another county, a right to a change of venue is given to have the cause transferred to another county, but no right is given to the defendant to have the cause transferred to the county where it has its principal place of business nor to any other particular county. The naming of the county is left, in my opinion, to the discretion of the court. In the consideration of the question of what county the cause

should be transferred to, the court will take into consideration all the matters and things apparent upon the face of the record, such as the situation and place of business of the parties, the convenience of witnesses (as far as may be apparent before answer filed), and all other reasons that may properly affect the exercise of its discretion.

"The defendant herein has moved that the action be transferred to either the superior court in and for the county of Sierra or to that in and for the county of Santa Clara. This portion of the motion relating to the two counties named may be regarded as mere surplusage—irrelevant and redundant matter in the motion, which may be disregarded so that there is left only the demand and motion for a change of venue as contemplated by the statute.

"In the argument upon this motion no case has been called to the attention of the court, and none has been found after most diligent search, not in consonance with the views herein expressed, and it may be safely said that there is none. The statute was amended in 1891 and again in 1907, for the express purpose of meeting just such cases as this. It has so happened in the past that when similar motions have been made for a change of venue in other cases of the same general character as the one at bar, this court has denied the motions for technical reasons and upon technical grounds that do not appear nor exist herein. There is no possible doubt that the action was properly commenced in this county under section 392, Code of Civil Procedure, and under the constitution, and could be properly tried here, but defendants have seen fit to avail themselves of the right given them by section 394, and the court is bound by the mandatory terms of the law as there expressed.

"In view of the opinion of the court that none of the cases cited by counsel for plaintiff interprets the law to be other than mandatory or as meaning anything different from what the language itself sets forth in clear and unambiguous terms, it would seem to be entirely unnecessary to discuss any of them.

"In determining the county to which the cause should be transferred, I take into consideration the fact that it would be most inconvenient for the attorneys and witnesses for plaintiff to have to go to either Sierra or Santa Clara county,

because of the distance, etc.; that Sutter, the neighboring county, has her hands full of similar cases, as I am informed; and I have decided that Sacramento county would probably be more favorably located, taking everything into consideration, than almost any other county within reasonable distance of Yuba. The motion for a change of venue to a county other than the plaintiff is granted; that part of the motion relating to either Sierra or Santa Clara county is denied, and the superior court in and for the county of Sacramento is hereby designated as the court to which the above-named action is transferred for trial.

"Dated this 24th day of December, 1908.

"EUGENE P. McDANIEL, Judge."

Defendants have filed no brief. We discover no point in plaintiff's brief which is not satisfactorily disposed of by the opinion of Judge McDaniel, except the point made by plaintiff that section 394, Code of Civil Procedure, is violative of section 16, article XII, and subdivisions 3 and 4,. section 25, article IV, of the constitution.

Section 16, article XII, reads as follows: "Sec. 16.  A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

It seems to us that the clause, "subject to the power of the court to change the place of trial as in other cases," is authority for the court to look to section 394, Code of Civil Procedure, as providing for some of the "other cases" referred to in the constitution in which the change of the place of trial is provided for. The further point that section 394 is obnoxious to the provisions of the constitution prohibiting special legislation, "regulating the practice of courts of justice," and "providing for changing the venue" of actions, because according privileges to corporations doing business without the county where the action is commenced not accorded to corporations doing business within the county, is not, in our opinion, well taken. This discrimination is found in other sections where the right to have the place of trial changed is placed upon the distinct ground that the defendant resides in a

county other than the county in which the action is commenced, and this although had the defendant been a resident of the latter county he could not have the venue changed. Such legislation has never been regarded as in any just sense special legislation within the meaning of the inhibitory provisions of the constitution.

The order is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1910.