[Civ. No. 697. Second Appellate District.—April 15, 1910.]

COUNTY OF LOS ANGELES, Respondent, v. E. H. WIN-ANS, CHAS. A. COLE et al., Respondents; Mrs. EMMA MEANS et al., Appellants.

Conveyance of Estate for Life—Remainder to Heirs of Body—Purchase—Inheritance—Inconsistent Claims.—Where a conveyance was made to a mother for life, with remainder to the "heirs of her body," the proper contention that such heirs took by purchase, under section 779 of the Civil Code, is inconsistent with the improper contention that the living children have the expectancy of "heirs apparent."

Id.—Rights of Living Children.—The rights of the remaindermen who are living children are not mere possibilities under section 700 of the Civil Code, but are future estates in fee to vest in such of them as may survive their mother.

Id.—Characteristics of Future Interests.—Future interests pass by succession, will and transfer, in the same manner as present interests, and they are not rendered void because of the improbability of the contingency upon which they are limited to take effect.

Id.—Construction of Words "Heirs of Her Body."—To construe the words "heirs of her body" to mean "in the capacity of heirs" would be to restore the rule in Shelley's Case, and repeal by construction the express terms of section 779 of the Civil Code. For all the purposes connected with the transactions involved in this case those words will be construed as words of description and identity, and not of capacity.

Id.—Foreclosure of Street Assessment Liens—Subjection of Entire Property—Trust Agreement.—The foreclosure of street assessment liens under the statute in force had the effect to subject the entire property and all interests therein to sale to satisfy the liens; the acquisition of full title thereunder being only prevented by a trust agreement between the purchasers and the appellants.

Id.—Actions to Quiet Title—Appellants Concluded by Decrees.—Held, that in the actions to quiet title brought against the appellants as parties defendant, their rights were concluded by the decrees rendered therein against them.

Id.—Assignments of Interests by Appellants—Claim of Mortgages Concluded by Finding.—It is held the claim of appellants that the assignments of their interests were intended as mortgages is concluded against them by the finding in an action to quiet title against them.

13 Cal. App.—17

Id.—Trust by Operation of Law—Adverse Holding by Trustee—Right of Trustee to Quiet Title—Beneficiaries Concluded.—When a trust arises solely by operation of law, the holding by the trustee is adverse from its inception; and the trustee is not thereby precluded from maintaining an action to quiet his legal title against the beneficiaries. Such beneficiaries may set up their equitable rights; and where all of them appeared as defendants, they are concluded by the findings against them upon all issues joined in their behalf.

Id.—Title Under Foreclosure of Mechanics' Liens—Decree Quieting Title—Appellants Estopped.—*Held*, that as to the title acquired under foreclosure of mechanics' liens, if appellants are not precluded from a collateral attack upon the decree of foreclosure, they are estopped by the findings and decree against them brought by the purchaser of the title to quiet his title against them.

Id.—Eminent Domain—Support of Finding—Description of Property—Claim of "Gore"—Misassumption of Fact by Surveyor.—Upon appeal from a judgment in eminent domain settling interests in the property out of the fund in court, it is held that a finding that the property rights of appellants passed to other parties is sustained as to the description thereof by the evidence, and that the testimony of a surveyor that a small "gore" was not lost to appellants is based upon a misassumption of fact as to the description.

Id.—Consistency of Findings—"Contingent" and "Vested" Interests.—Where the findings construed as a whole clearly show that any remainder under the deed to the life tenant was contingent and could not be ascertained until her death, a finding that a respondent "is the owner of the estate in remainder" in a lot "that was vested in" the children appellants by virtue of the deed, is not to be construed as inconsistent with the other findings, where the context clearly shows that the words "vested in" are used as the equivalent of the words "acquired by," so that such finding imports that respondent is the owner of the estate in remainder acquired by such children by virtue of the deed.

Id.—Evidence—Absence of Prejudicial Error.—It is held that there is no prejudicial error in the admission of evidence.

Id.—Reasons of Trial Court for Decision—Review upon Appeal.—An appellate court is not bound by the reasons given by the trial court for its decision. It is the judicial action of the trial court, as distinguished from its judicial reason, which appellate courts are called upon to review, and if the former be correct, the appellate court will not concern itself about the latter.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court, and more fully in case No. 693, *ante,* p. 234, referred to in the opinion.

Valentine & Newby, for Appellants.

J. D. Fredericks, District Attorney, and Hartley Shaw, Chief Deputy, for County of Los Angeles, Respondent.

Waldo M. York, and J. M. York, for E. H. Winans, Respondent.

Waldo M. York, and Haas, Garrett & Dunnigan, for Chas. A. Cole, Respondent.

Haas, Garrett & Dunnigan, for Margaret M. B. Anderson, Respondent.

Bernard Potter, for T. F. Joyce, Respondent.

Smith & Smith, for S. A. Joyce, Respondent.

Mott & Dillon, for Henry J. Pauly, and Henry J. Pauly & Co., Respondents.

Davis & Rush, for Wannop & Forbush, Respondents.

TAGGART, J.—This is an appeal by the defendants Emma R. Means and her five children from the judgment of the superior court directing the payment to the defendants Winans, Cole and Joyce of the amounts awarded the latter as successors in title to the interests of said appellants in the condemned property mentioned in the companion appeal to this (No. 693, *ante,* p. 234), the opinion in which is filed herewith, and which opinion is referred to for a statement of the facts of the case. An appeal is also taken from an order denying their motion for a new trial.

It is urged in support of these appeals that the series of transactions, proceedings and actions enumerated in the opinion in No. 693, *ante,* p. 234, failed to transfer the interests of Mrs. Means and her five children to the other defendants above named, or to any of them. The insufficiency of the evidence

to justify the various finding upon which the portions of the decree so adjudicating is rested is specified as error in support of the motion for a new trial. It is also contended that neither the conclusions of law nor the interlocutory decree is sustained by the findings, that the findings are contradictory and that the court erred in admitting in evidence the several judgment-rolls and documents upon which the claims of defendants Winans, Cole and Joyce are based.

Appellants sustain their main contention on this appeal upon the view that the children of Mrs. Means take the interests acquired by them through the Hollenbeck deed as purchasers (Civ. Code, sec. 779); but when the right of transfer of their interests is presented section 700 of the same code is invoked and various cases cited in which the expectancy of an "heir apparent" is considered. These two positions are inconsistent. The rights of the remaindermen under the Hollenbeck deed, who are living, and are children of Mrs. Emma Means, are not mere possibilities, such as are covered by the provisions of section 700, but estates in fee to vest in the future in such of them as survive their mother. Future interests pass by succession, will and transfer in the same manner as present interests (sec. 699), and they are not rendered void merely because of the improbability of the contingency upon which they are limited to take effect (sec. 697). To construe the words "heirs of her body" to mean "in the capacity of heirs" would be to restore the rule in Shelley's Case and repeal by construction the express provisions of section 779. For all purposes connected with the transactions herein reviewed, these words will be considered as words of description and identity, and not of capacity, such being the effect of the section last named (779).

As said in the opinion in No. 693, the proceedings to foreclose the street assessment liens (Nos. 14,109 and 10,983), while not *in rem* in the sense that the *res* is brought into court as a defendant, are, nevertheless, substantially such, since by the "suit in equity" against the persons whom the statute designates the "owners," the entire property becomes subject to sale to pay such liens. (*Page v. Chase,* 145 Cal. 582, [79 Pac. 278].) If it be assumed, however, that jurisdiction of appellants was acquired by the court in these cases, so that the decree was effective, the agreements made with

the purchasers at the respective sales by Mrs. Means served
to continue their equitable interests in the premises which
was admitted, in the Abbott declaration of trust in their be-
half. Again, if we' regard the foreclosure of the Abbott
mortgage as not barring the equity of redemption of appel-
lants, and the agreement of Mrs. Means with McCollum, al-
though made in her own name, as having been made for the
benefit of her children, the actions to quiet title, particularly
by No. 28,196, were sufficient to conclude all the appellants.

The claim now made by Mrs. Means and her daughter
Elfie O. Hendricks (then Means), that their deeds to Mc-
Collum and Gosch, respectively, were intended as mortgages,
was submitted to the court as an issue by the pleadings in
action No. 28,196, and they are concluded by the finding of
the court made thereon against them. So, also, upon col-
lateral attack the finding made by the court in the same action
that "neither of these defendants (Emma R. Means, J. W.
Means, her husband, and Elfie O. Means, Claude E. Means,
J. Worthington Means, Fairy A. Means and Juliet E. Means)
have now any right, title, or interest in or to any of the
property described in the plaintiff's complaint," is conclu-
sive against all the appellants. Appellants' view that the
attitude of plaintiff in the action (Gosch) is not adverse to
appellants cannot be sustained. The trust relation between
the latter and Gosch, if there was such a relation, was not
created by writing and there was no showing of an express
trust. Where the trust arises by operation of law it is said
the beneficiaries have a right to proceed to enforce their claim
to the trust property immediately that the title to the trust
property vests in the involuntary or constructive trustee, and
that the statute of limitations begins to run against their
cause of action from that date. (*Norton* v. *Bassett,* 154 Cal.
411, 419, [129 Am. St. Rep. 162, 97 Pac. 894].) While the
statute of limitations would not be operative as to minor de-
fendants, the principle announced by the case declares the
adverse character of the holding.

Gosch was not precluded from bringing an action to quiet
title against the appellant because of the alleged trust rela-
tion. He was the holder of the legal title and the equitable
character of the claim of the defendants in the action did
not prevent the court from entering up a valid decree de-

claring the interests of the respective parties, legal and equitable, in the premises.    There was no place for the application of the rule that the holder of an equitable title cannot enforce his equities against the holder of the legal title.    So the contention of appellants that the action cannot be maintained against the children because their contingent remainder is a mere expectancy finds full answer in *Barnett* v. *Barnett*, 104 Cal. 298, 301, [37 Pac. 1049].    (See, also, Civ. Code, sec. 699; *In re Walkerly*, 108 Cal. 627, 648, [49 Am. St. Rep. 97, 41 Pac. 772].)    We find nothing in the record in the case (to which alone we must look) to sustain the point made by appellants that the judgment in action No. 28,196 was entered by consent without authority.    The complaint was in the ordinary form used in such actions; service of summons was regularly made upon the minor defendants by serving them and their father personally.    All the defendants appeared, a guardian *ad litem* being appointed for the minors, a general denial was entered and the special interests of the defendants pleaded, showing their equitable rights and the existence of the agreement with McCollum.    On these issues the court found in favor of plaintiff, and the defendants are concluded by the findings so made.

With respect to the title of T. F. Joyce, if the finding in No. 12,444, that the material for which the lien was claimed was furnished with the knowledge and consent of the owners of the real estate, were not sufficient to conclude appellants upon a collateral attack, they are, nevertheless, estopped by the judgment in No. 19,205.    In this action the complaint to quiet title was in the usual form and the answer of defendants (appellants here) set up all the equities claimed by them in their brief upon this appeal, and in the case of the children alleged collusion between plaintiff (Hiller) and their mother, Emma R. Means, in the procurement of the judgment in the foreclosure of the liens of the materialmen and mechanics in action No. 12,444.    On all of these issues the trial court found in favor of plaintiff.    While Hiller was acting as trustee for the materialmen and mechanics who were plaintiffs in No. 12,444, there is no evidence of any express trust relation between him and appellants and no bar on this ground to his bringing the action to quiet his title.

The conveyance of Gosch and wife to Winans and Cole, respectively, conveyed to them the interests acquired by Gosch in lots 4 and 5; and that of Hiller to Joyce the interest Hiller acquired in lot 6.

In all that has been heretofore said, both in this opinion and that filed in appeal No. 693, it has been assumed that no question of description was involved, and that the respective holdings of defendants Winans, Cole and T. F. Joyce, to wit, lots 4, 5 and 6 of the courthouse block in the city of Los Angeles, taken together, covered the entire Means property. Appellants, however, contend that such is not the case and that the findings of the court in this regard are not sustained by the evidence in the case. It is claimed that it appears from the evidence of the witness Rowan, and the diagram introduced in connection therewith, that there remains a triangular piece of land thirty-three and seventy-one hundredths feet wide on the northerly boundary of the property and running to a point at the southerly boundary which is not affected by the various proceedings, conveyances, etc., which are hereinabove considered, the title to which remains in the defendants Means, Blee and Hendricks. The deduction of the surveyor witness that there is such a "gore" remaining is made upon the assumption that the descriptions in all these various instruments call for lines running parallel to New High and Broadway (Fort) streets, instead of at right angles to the side lines running from one of these streets to the other. As the fact is not as assumed, it is not necessary to enter into a calculation to determine the exact effect of the calls as made, the number of square feet one way or the other being so small and of so little value.

Other alleged errors presented relate to matters specified as "decisions against law," and "errors of law occurring at the trial." Under the first it is urged that findings 3 and 4 are not consistent in this, that it is found by the court in finding 3 that appellant Winans has acquired and owns the interest of the life tenant, the reversionary interest of the grantor, and the interests of the five children (naming them) in lot 4; and "That the persons who will take said property at the termination of said life estate and the proportions in which they will take the same cannot now be ascertained"; while finding 4 is, that Winans is the owner

of the estate in remainder in lot 4 "that was *vested* in" the five children by virtue of the Hollenbeck deed, and "will upon the death of said Emma Means, take the interest and estate in fee in said lot 4 that would under said deed of J. E. Hollenbeck go to those of the above-named children of Mrs. Emma Means who shall survive her." It is contended that the use of the word "vested" in the last-mentioned finding is a holding that the interest in remainder of the Means children is a "vested" one, which is inconsistent with the view that such remainder is contingent implied by the language quoted from finding number 3. It is apparent from the context that the words "vested in" are not used in the finding in a comparative sense as distinguishing a vested from a contingent estate, but rather as the equivalent of the words "acquired by." This is apparent from that part of the finding which is above quoted. That is to say, the fourth finding means only that Winans is the owner of the estate in remainder "acquired by" the five children of Mrs. Means by virtue of the Hollenbeck deed. So read it is consistent with the other findings, and tends to support the conclusions of law drawn from those findings by the trial court. The same errors are alleged with respect to the findings relating to the titles of Cole and Joyce and these objections may be answered in the same way.

The errors of law specified relate to the admission of the various judgment-rolls and documents the effect of which has been hereinabove considered. For the reasons assigned the papers in the proceeding No. 8616, and the lease to Rogers made pursuant thereto, do not directly support the title of Winans and Cole, but it is apparent that their admission in evidence could not have prejudiced the rights of the appellants Means, Hendricks and Blee. The proceeding mentioned was begun to procure the consent of a court of equity upon behalf of the Means children to the making of the lease to Rogers, but was not effective for that purpose. The court, however, found in action No. 12,444 that the consent of these minors was given and the judgment-roll in No. 12,444 established this fact conclusively against collateral attack. The effect of No. 8616 therefore as evidence supporting the Joyce title need not be considered, as this title is established without it. An appellate court is not bound by the reasons given

by the trial court for its decision. It is the judicial action of the trial court as distinguished from its judicial reason which appellate courts are called upon to review, and if the former be correct the appellate court will not concern itself about the latter. It is not material for the purpose of this appeal, then, whether the trial court relied upon the proceeding No. 12,444 or No. 19,205 in sustaining the Joyce title.

The judgment-roll in the latter action was properly admitted. The objection to its admissibility on the ground that the interests of the children, as heirs at law, were not litigated or decided therein, cannot be sustained. Their interests as heirs at law were not involved. Their rights in the property were those of purchasers and their respective interests personal and not representative. The term "heirs of the body" of Emma Means did not make her "heirs at law" in that capacity parties to the title, but the persons who were described by the words "heirs of her body" acquired an interest as individuals.

There was no finding of adverse possession, and the judgment was sufficiently sustained by the other findings; hence, it follows that if the evidence of the payment of taxes and holding of possession by Winans, Cole and Joyce was immaterial so far as the children were concerned, the latter were not prejudiced by its admission, even though it were error to admit it.

Objections were made to the introduction in evidence of the various judgment-rolls which have been mentioned, but these objections are not specifically urged except as they are presented by the arguments which have hereinabove been considered in connection with the effect of such rolls upon the titles of the children of Mrs. Means.

In accordance with the foregoing views, the interlocutory decree and orders appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 13, 1910.