[Civ. No. 1597.   Third Appellate District.—May 16, 1917.]

## MONO POWER COMPANY, Respondent, v. CITY OF LOS ANGELES, Appellant.

Place of Trial—Actions Between Counties—Constitutionality of Code Provision.—Section 394 of the Code of Civil Procedure, as amended in 1915, relative to the place of trial of actions between counties, cities, and cities and counties, is not unconstitutional, as class legislation, since it does not appear from the statute that an arbitrary selection has been made from among a large number of persons between whom and the persons favored (cities, counties, cities and counties) there is no reasonable distinction or substantial difference justifying the inclusion of the one and exclusion of the other from such privilege.

Id.—Motion for Change of Venue—Affidavit of Merits and Written Demand not Required.—A motion for change of place of trial under section 394 of the Code of Civil Procedure need not be made at the time when the defendant answers or demurs, nor need it be accompanied by an affidavit of merits and a written demand for change of place of trial, as required by section 396 of such code.

APPEAL from an order of the Superior Court of Mono County denying a motion for change of place of trial.   P. R. Parker, Judge.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, W. B. Mathews, S. B. Robinson, and Wm. B. Himrod, for Appellant.

J. P. O'Brien, for Respondent.

CHIPMAN, P. J.—The action was to condemn to plaintiff's use certain land situated in Mono County in which defendant is alleged to have an interest.   The complaint was filed January 13, 1913, and defendant answered June 28, 1915. Thereafter, defendant gave notice that, on September 1, 1915, it would move for a change of the place of trial from Mono County "to the superior court of such county of the state of California, as the parties to the above-entitled cause may agree upon, by stipulation in writing, or, made in open court, and entered in the minutes, or, if they do not agree, then the

nearest or most accessible court, where the like objection or cause for making the order does not exist. Said motion will be made upon the ground that the said proceeding is brought against the city in a county in which the plaintiff is doing business.'' The motion was made under section 394 of the Code of Civil Procedure, upon the papers, files, and records of the court, in said action and upon the affidavit of S. B. Robinson, one of the attorneys for defendant, in which he deposed that ''the defendant, City of Los Angeles, is a city situated in the county of Los Angeles, state of California, and plaintiff, Mono Power Company, is doing business in the county of Mono, State of California, in which county the said proceeding is pending.'' It appeared from the counter-affidavit of J. P. O'Brien, attorney for plaintiff, that said notice of motion to change the place of trial was served after the cause had been set for trial, ''that no affidavit of merits, and no demand to change the place of trial of said cause, was delivered with said notice of motion, and no affidavit of merits, and no demand to change the place of trial of said cause has ever been served or filed in this case,'' and said notice of motion ''is not based or predicated upon an affidavit of merits, or upon a demand to change the place of trial of said cause, as required by the provisions of the statute in such cases made and provided.'' Averments are also made that the convenience of witnesses requires that the cause be tried in Mono County.

It appeared that two similar cases were pending—numbered respectively 2083 and 2084—in both of which motions to change the place of trial were made and heard together. One of these cases was subsequently dismissed. The motions were heard April 14, 1916, and the court made the following order: ''In each of these cases defendant city filed a motion for change of place of trial under section 394 of the Code of Civil Procedure, as amended in 1915. The motions were heard together under the stipulation that the one order made apply to both cases. It was and is the contention of the plaintiff that the court was without jurisdiction to hear or determine the motions by reason of the fact that there was no affidavit and demand filed at the time of first appearance. The contention is thus stated in general terms, perhaps inaccurately, for the reason that I do not consider it necessary to pass upon the motions from that viewpoint; I might say, how-

ever, as intimated at the time of argument, that if the motions were resisted upon that ground alone I would be disposed to grant the motions and transfer the causes. It is my opinion that the amendment itself is unconstitutional and void, and while plaintiff may have any advantage that may arise by reason of the lack of demand on first appearance still reserved, I reiterate that I do not consider the procedure contended for to be requisite herein. I cannot see where any lengthy opinion supporting my views would serve any purpose herein. The motions are denied.''

The reasons given by the trial court for its decision are not binding upon the reviewing court. It was well said, in *City of Los Angeles* v. *Winans,* 13 Cal. App. 257, 265, [109 Pac. 650] : "It is the judicial action of the trial court as distinguished from its judicial reason which appellate courts are called upon to review." (*Luman* v. *Golden Ancient Channel M. Co.,* 140 Cal. 700, 704, [74 Pac. 307] ; *Simon Newman Co.* v. *Lassing,* 141 Cal. 174, 175, [74 Pac. 761].)

The points urged by respondent in support of the decision, to which appellant addresses itself in its brief, are : 1. Section 394 of the Code of Civil Procedure is unconstitutional ; 2. A motion for change of place of trial under section 394 must be made at the time defendant answers or demurs and must be accompanied by an affidavit of merits, and a written demand for such change, as required by section 396 of the Code of Civil Procedure.

Section 394, as enacted in 1872, provided that actions against counties may be commenced and tried in any county in the judicial district in which such county is situated, unless such action is between counties, in which case they "may be commenced and tried in any county not a party thereto." In 1881 the section was amended to read: "An action against a county, or city and county, may be commenced and tried in such county, or city and county, unless such action is brought by a county, or city and county, in which case it may be commenced and tried in any county, or city and county, not a party thereto." (Stats. 1881, p. 23.)

The amendment of 1901 need not be noticed, as the amended section was held unconstitutional "for want of re-enactment and publication at large of the revised law." The section was amended in 1907 and provided that "an action against a county may be commenced and tried in such county, unless

such action is brought by a county, in which case it may be commenced and tried in any county not a party thereto. Whenever an action is brought by a county or city against residents of another county or city, or a corporation doing business in the latter, the action must be, on the motion of the defendant, transferred for trial to a county, other than the plaintiff, if the plaintiff is a county, and other than that in which the plaintiff is situated, if the plaintiff is a city." (Stats. 1907, p. 700.) The section was again amended in 1915. The section now relates both to actions and proceedings, and includes counties, cities and counties, and cities. The earlier part of the section as amended in 1915 is substantially as the section was made to read by the amendment of 1907. The following provision was added: "Whenever an action or proceeding is brought against a county, city and county, or city, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city is situated, and other than the defendant county, or city and county, or county in which such defendant city is situated. In any action or proceeding, the parties thereto may, by stipulation in writing, or made in open court, and entered in the minutes, agree upon any county, or city and county, for the place of trial thereof. This section shall apply to actions or proceedings now pending or hereafter brought." (Stats. 1915, p. 721.)

It was held in *Yuba County* v. *North American etc. Mining Co.,* 12 Cal. App. 223, [107 Pac. 139], that this section, as it read prior to the amendment of 1915, and after the amendment of 1907, was not violative of the constitution. In that case the defendant made a motion, under section 394, to change the place of trial. The court said: "The further point that section 394 is obnoxious to the provisions of the constitution prohibiting special legislation, 'regulating the practice of courts of justice,' and 'providing for changing the venue' of actions, because according privileges to corporations doing business without the county where the action is commenced

not accorded to corporations doing business within the county, is not, in our opinion, well taken. This discrimination is found in other sections where the right to have the place of trial changed is placed upon the distinct ground that the defendant resides in a county other than the county in which the action is commenced, and this although had the defendant been a resident of the latter county he could not have the venue changed. Such legislation has never been regarded as in any just sense special legislation within the meaning of the inhibitory provisions of the constitution." It is true there was in that case a demand made and an affidavit of merits filed, but that fact had nothing to do with the point involving the constitutionality of the section and the decision had the sanction of the supreme court.

The section applies equally to all counties, cities and counties, and cities in the state, and no one is given any advantage over another, and the section gives to parties to the suit other than the above mentioned the same right of transfer of the case as is accorded to counties, cities, and cities and counties.

In *Gridley* v. *Fellows*, 166 Cal. 765, 767, 768, [138 Pac. 355, 356], the constitutionality of section 395 of the Code of Civil Procedure was drawn in question on the grounds here urged against the validity of section 394. Said the court: "The provision of the amendment of section 395 in question, it is true, applies only to specified classes of cases. But it applies alike in every part of the state to all actions embraced in the classes described. Consequently it is not a local law. It cannot be deemed a special law forbidden by the constitution if it is addressed to a class of cases based on some natural, intrinsic, or constitutional distinction or difference, reasonable and substantial, between these actions and others not included and sufficient in some reasonable degree to account for or to justify the making of the different rule." (Citing the leading case of *Pasadena* v. *Stimson*, 91 Cal. 238, 251, [27 Pac. 604], and the latest enunciation of the rule, in *Ex parte Miller*, 162 Cal. 687, 698, [124 Pac. 427].) In the discussion of the question the court said: "The presumption is in favor of the legislative action. The court cannot decide that the classification is unjustifiable in reason, unless it can see that the presumption is overcome because no reason exists."

It must be clearly shown that the legislation attacked makes an improper discrimination by conferring particular privi-

leges upon a class of persons arbitrarily selected from a large number of persons, all of whom stand in the same relation to the privilege granted, and between whom and the persons not so favored no reasonable distinction or substantial difference could be found justifying the inclusion of the one and the exclusion of the other from such privilege. (*Matter of Miller,* 162 Cal. 687, 698, [124 Pac. 427].)

We have seen that where a county is plaintiff, and a resident of or a corporation doing business in another county is defendant, the action or proceeding must be, on motion of defendant, transferred for trial to a county other than that of the plaintiff or defendant. (*Yuba City* v. *North American etc. M. Co.,* 12 Cal. App. 223, [107 Pac. 139].) The reasons urged against the constitutionality of the part of section 394 involved in that case were unavailing and should, we think, be so held in the present case. Cities, counties and cities, and counties are units of the state government, and we must assume that the legislature was of the mind, in passing the law, that where a city is sued in a county other than that in which it is situated, circumstances might arise such as in the judgment of the legislature should make it mandatory at defendant's request to transfer the case to a county other than that of plaintiff or defendant. Cities, counties and cities, and counties do not stand in the same relation toward each other and toward citizens generally, when considered in their governmental capacities, as citizens stand toward each other. We do not think it appears from the statute that an arbitrary selection has been made from among a large number of persons between whom and the persons favored (cities, counties and cities, and counties) there is no reasonable distinction or substantial difference justifying the inclusion of the one and exclusion of the other from such privilege. (*Matter of Miller,* 162 Cal. 687, 698, [124 Pac. 427].)

Whether the determination by the legislature that a general law can be made applicable is conclusive, was discussed in *People* v. *Mullender,* 132 Cal. 217, [64 Pac. 299], but not decided. It was, however, decided that a law cannot be held invalid merely because, in the opinion of the court, it would have been possible to frame a general law under which the purpose of the special law could have been accomplished. We find no justifiable reason for holding the section in question to be unconstitutional.

The contention of plaintiff is that in making its motion for a change of the place of trial the defendant was compelled to conform to the requirements of section 396 of the Code of Civil Procedure; that at the time defendant answered it should have filed an affidavit of merits, and should have demanded in writing "that the trial be had in the proper county." In its brief, plaintiff says: "Section 396 declares that when an action is not commenced in the proper county, that is to say, in the county of the defendant's residence, where it is a personal action, as provided in section 395, or in the county where the municipality is situate, as provided in section 394, then the defendant must, at the time he answers or demurs, file an affidavit of merits and demand, in writing, that the trial be had in the proper county."

Sections 396 and 397 read as follows:

"396. If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

"397. The court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county;

"2. When there is reason to believe that an impartial trial cannot be had therein;

"3. When the convenience of witnesses and the ends of justice would be promoted by the change;

"4. When from any cause there is no judge of the court qualified to act."

Respondent's premise, to wit, that the county in which defendant is situated was the proper county in which the action should have been brought, is unsound. Mono County was the proper county, and the only county, in which the action could have been properly brought. (Code Civ. Proc., sec. 1243.) Not only so, but it was the proper county in which to try the case. Section 394 does not provide that the city defendant may have the place of trial changed to the county in which it is situated. Quite the contrary, the section provides that the action or proceeding must be transferred for trial to a county other than that in which it is situated. In

*Cook* v. *Pendergast*, 61 Cal. 72, the court had section 396 under discussion and particularly the question as to what is meant by the term "proper county." Stating that the section in effect provides that a defendant has waived his right to a change of the place of trial on the ground that the action has not been commenced in the proper county, unless, at the time he first appears by answer or demurrer, he files an affidavit of merits and demands in writing a transfer to the proper county, the court said: "The 'proper county' is the county in which actions are required to be tried, 'subject to the power of the court, to change the place of trial' by sections 392, 393, 394, and 395 of the Code of Civil Procedure. Section 396 has changed the rule, if it ever was a rule, which required the motion, or notice of motion, in *all cases* to precede or accompany the answer or demurrer. The prohibition of a motion on the ground that 'the county designated in the complaint is not the proper county,' except where the affidavit is filed and the written demand made when the answer or demurrer is filed, is itself a permission that a motion on any other statutory ground may be made by defendant, without the affidavit and demand, within a reasonable time after his appearance. Else why is the prerequisite made applicable to motions made upon the ground particularly mentioned?" We understand the court to have held that a demand for a change of the place of trial at the time of appearance, as also other requirements of section 396, do not apply where the motion is made on any ground other than that the action is not brought in the proper county for its trial. It was hence said in that case that a motion made on the ground that a fair and impartial trial could not be had might be made after answer, the court saying: "It has been held that nothing less than an actual experiment, by way of trial or attempt, to impanel a jury, and a consequential failure, will be sufficient to show that a fair and impartial trial cannot be had."

*Pascoe* v. *Baker*, 158 Cal. 232, [110 Pac. 815], was an action for damages for personal injuries, and was commenced in the city and county of San Francisco. Defendant appeared and demanded a transfer to the county of Los Angeles in which he resided. The motion was granted. Thereafter plaintiff moved to have the action retransferred to the city and county of San Francisco, basing his application on the

ground of convenience of witnesses. The court granted the motion, and defendant appealed. Plaintiff filed no affidavit of merits, and it was contended that the order was unauthorized for that reason. The court said: "But we are cited to no authority in support of appellant's claim that such affidavit is required. It is true that a defendant, asking a change on the ground that the county in which the action is commenced is not the proper county for the trial, must file an affidavit of merits. This is the express provision of section 396 of the Code of Civil Procedure. No such condition has, however, been imposed upon a party occupying the position of the respondent here."

In *Wadleigh* v. *Phelps,* 147 Cal. 541, [82 Pac. 200], the action was brought in Nevada County and the motion to change the place of trial was made on two grounds: 1. That defendant resided in San Mateo County; 2. On the ground of convenience of witnesses. No motion or demand was made until after defendant had appeared by demurrer. Upon the first ground it was held that defendant had waived his right by failure to make demand until after he had appeared. The court held as to the second ground that the counter-affidavits of plaintiff sufficiently controverted all the facts relating to the convenience of witnesses to justify the lower court in concluding that the convenience of witnesses would not be promoted by the proposed change. We think it fair to assume that the court considered the merits of the motion made upon the second ground, and in doing so must have held that the provisions of section 396 do not apply, except when the motion is made on the ground that the action is not brought in the proper county.

Respondent cites *Powell* v. *Sutro,* 80 Cal. 559, [22 Pac. 308], and *Bohn* v. *Bohn,* 164 Cal. 532, [129 Pac. 981]. In each of these cases the motion was made on the ground that the action was not commenced in the proper county, having been brought in a county other than defendant's residence. The question now here was not involved in those cases. Obviously the defendant in each of those cases was bound by the provisions of section 396. *Donohoe* v. *Wooster,* 163 Cal. 114, 117, [124 Pac. 730], was a similar case. It is cited also to the point that the right to change the place of trial must be determined by the conditions existing at the time of the appearance of the party demanding the change. Section 394,

however, expressly provides that it "shall apply to actions or proceedings now pending or hereafter brought."

The order is reversed with directions to grant defendant's motion.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1917.