[S. F. No. 6647. In Bank.—January 8, 1914.]

BARTLETT C. GRIDLEY, Appellant, v. CHARLES A. FELLOWS, Respondent.

PLACE OF TRIAL—POWER TO CHANGE REGULATED BY STATUTE.—The superior court has no power to change the place of trial of an action, except in the cases and for the causes provided by express law. In personal actions for injury to person or property, or for death from wrongful act, or negligence, the only authority to change the venue is that given by section 397 of the Code of Civil Procedure.

ID.—ACTIONS FOR INJURIES TO PERSONS OR PROPERTY—AMENDMENT TO SECTION 395 OF CODE OF CIVIL PROCEDURE IS CONSTITUTIONAL.—The amendment of 1911 to section 395 of the Code of Civil Procedure

(Stats. 1911, p. 847), changing the previous requirement that certain kinds of personal actions must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, so as to authorize actions for injury to person, or property, or for death from wrongful act, or negligence, to be tried either in the county where the injury occurred or in the county where the defendants, or some of them, reside, at the time of the commencement of the action, is not obnoxious to the provisions of section 25 of article IV of the constitution prohibiting the passage of local or special laws regulating the practice of courts of justice, or providing for changing the venue in civil or criminal actions.

ID.—PROPER COUNTY FOR TRIAL—COUNTY WHERE INJURY OCCURRED.— In such classes of actions, either the county where the defendant resides at the time the action is begun, or the county where the injury occurred, is "the proper county" for the trial, within the meaning of section 397 of the Code of Civil Procedure, and if the action is brought in the county where the injury occurred, the court has no authority to change the place of trial to the county of the defendant's residence, on the ground that the latter, alone, was the "proper county."

ID.—AMENDMENT NOT A LOCAL OR SPECIAL LAW—CLASSIFICATION BASED ON NATURAL DISTINCTION.—The amendment, although it applies only to specified classes of cases, is not a local law, as it applies alike in every part of the state to all actions embraced in the classes described; nor can it be deemed a special law forbidden by the constitution, if it is addressed to a class or classes based on some natural, intrinsic, or constitutional distinction or difference, reasonable and substantial, between these actions and others not included, and sufficient in some reasonable degree to account for or justify the making of the different rule.

ID.—PRESUMPTION IN FAVOR OF LEGISLATIVE CLASSIFICATION.—The presumption is in favor of such legislative distinction, and the courts cannot decide that the classification is unjustifiable in reason, unless it can see that the presumption is overcome because no reason exists.

ID.—CLASSIFICATION MADE BY AMENDMENT IS JUSTIFIABLE.—Actions to recover damages for injuries to person or property are sufficiently distinguished by the probable interests and convenience of the parties and by considerations of public convenience and policy, not applying so strongly to other actions, to justify the legislature in providing, by such amendment, that the defendant shall not have the absolute right to demand that the cause be removed for trial to the county of his residence, in case it is not the county in which the injury occurred.

APPEAL from an order of the Superior Court of Fresno County changing the place of trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Clarence N. Riggins, for Appellant.

George H. Moore, for Respondent.

SHAW, J.—The plaintiff appeals from an order granting the motion of the defendant to change the place of trial from Fresno County to Los Angeles County.

The action was to recover damages for injuries alleged to have been caused to the person of the plaintiff by reason of certain alleged negligence of the defendant. The injury occurred in Fresno County. The defendant, at the time the action was begun, resided in Los Angeles County and has resided there ever since that date. The motion to change the place of trial was based solely on the fact of the defendant's residence in Los Angeles County, and upon section 395 of the Code of Civil Procedure.

Under that section as it read prior to the taking effect of the amendment of April 10, 1911, that is, prior to June 9, 1911, the defendant would undoubtedly have had the right to demand such change of place of trial for that cause. This action was begun on April 3, 1913, and hence it is governed by the section as amended in 1911. (Stats. 1911, p. 847.) The following is the part of the section material to the question, the portion added by the amendment being inclosed in parentheses:

"In all other cases, the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action (or if it be an action for injury to person, or property, or for death from wrongful act, or negligence, in the county where the injury occurs, or the injury causing death occurs, or in the county in which the defendants, or some of them, reside at the time of the commencement of the action)."

It will be observed that in the amended portion of the section it is provided that the action may be tried, either in

the county where the defendant resides at the time it is begun, or in the county where the injury occurred. No preference is given to one over the other. Either county is therefore declared to be "the proper county" for the trial, by this amendment. The superior court has no power to change the place of trial of an action, except in the cases and for the causes provided by express law. In personal actions of this character the only authority to change the venue is that given by section 397 of the Code of Civil Procedure. This section authorizes such change for the following causes: "1. When the county designated in the complaint is not the proper county; 2. When there is reason to believe that an impartial trial cannot be had therein; 3. When the convenience of witnesses and the ends of justice would be promoted by the change; 4. When from any cause there is no judge of the court qualified to act." In this case it is not claimed that any cause existed except the first,—namely, that Fresno County was not the proper county. Hence, unless it can be said that the county where the injury was committed is not "the proper county" in cases where the defendant resides in another county at the time the action was begun, the county of Fresno was one of the counties in which the action might be begun and tried, it was a proper county and there was no authority in the court to order a change to Los Angeles County on the ground that the latter, alone, was "the proper county."

The defendant concedes the force of this proposition. He seeks to uphold the order solely on the ground that the amended portion of the section is invalid. His argument is that it is special legislation of a kind forbidden by section 25 of article IV of the constitution. That section declares that the legislature shall not pass any local or special laws, "*Third* —regulating the practice of courts of justice. *Fourth*— provide for changing the venue in civil or criminal actions."

The provision of the amendment of section 395 in question, it is true, applies only to specified classes of cases. But it applies alike in every part of the state to all actions embraced in the classes described. Consequently it is not a local law. It cannot be deemed a special law forbidden by the constitution if it is addressed to a class or classes based on some natural, intrinsic, or constitutional distinction or

difference, reasonable and substantial, between these actions and others not included and sufficient in some reasonable degree to account for or justify the making of the different rule.  Statements of this proposition have been made, in different words but substantially to the same effect, in many decisions.  The leading case is *Pasadena* v. *Stimson,* 91 Cal. 251, [27 Pac. 604].  The latest enunciation of the rule is that set forth in *Ex parte Miller,* 162 Cal. 698, [124 Pac. 427], where many other cases on the subject are cited.

The sole question for consideration is whether causes of actions for bodily injury or for injuries to property are so like in all respects to other causes of actions, such as actions for slander or libel or actions on contract at law or in equity, that no reasonable basis can be found for a provision allowing the former to be tried in the county where the injury occurred, which is not the residence of the defendant, which does not apply with equal force to the latter actions mentioned.  The presumption is in favor of the legislative action.  The court cannot decide that the classification is unjustifiable in reason, unless it can see that the presumption is overcome because no reason exists.  The code itself, in sections 392 and 393, enacted long before the adoption of the present constitution, made special provisions for the place of trial of actions to recover real property, actions for injuries thereto, actions for partition thereof, actions to foreclose liens thereon, actions to recover penalties or forfeitures, and actions against a public officer.  It has never been supposed that these special regulations are unconstitutional discriminations, or that they would be special laws within the constitutional inhibition, if enacted after the adoption of the constitution of 1879.  Actions to recover damages caused by bodily injuries, or by injuries to property, are well known as distinct classes of actions.  They are each separately treated in the text books of law.  Each forms a distinct and well-known class with attributes and qualities of its own and each is or has been affected and controlled to some extent by distinct and different rules of law, evidence, and procedure.  They are so clearly distinguished from other actions that there is no difficulty in recognizing and classifying them.  We think they are sufficiently distinguished by the probable interests and convenience of the parties and by considerations of public

CLXVI Cal.—49

convenience and policy, not applying so strongly to other actions, to justify the legislature in providing, as it has, that· the defendant shall not have the absolute right to demand that the cause be removed for trial to the county of his residence, in case it is not the county in which the injury occurred. This being the case it cannot be condemned as special legislation. The decision of *Cullen* v. *Glendora W. Co.*, 113 Cal. 503, [39 Pac. 769, 45 Pac. 822], relied on by the respondent, was a much more arbitrary discrimination, and, as the opinion there shows, it involved a flagrant injustice to one or the other of the parties to the cases affected by it and a deprivation of substantial rights given to the parties in other classes of actions without any perceivable reason·for the distinction. The court below erred in following this case as a precedent and in holding the amendment of section 395 to be improper special legislation.

The order appealed from is reversed.

Sloss, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.