[Civ. No. 1600. Second Appellate District.—February 24, 1915.]

## R. E. MUNCY, Respondent, v. WILLIAM THOMPSON, Appellant.

CONTRACTS—EXCHANGE OF REAL PROPERTY — BROKER'S COMMISSION — STATUTE OF FRAUDS—EVIDENCE.—Where a written contract for the exchange of real property provides that when a broker therein named shall have secured an acceptance of the proposition to exchange upon the terms specified he shall be paid "the sum of commissions as per verbal agreement, . . . dollars, as commissions for such services," the failure to specify the amount of the commission to be paid does not render the contract void under the provisions of subdivision 6 of section 1624 of the Civil Code, and the broker is entitled to a reasonable compensation for his services, where the exchange was consummated; and the verbal agreement may be shown by parol evidence.

ID.—CHARGE OF FRAUD IN PROCURING CONTRACT—WHEN NOT SUSTAINED.
The charge in such a case that the contract was procured by means
of fraud and misrepresentations on the part of the broker is not
sustained by testimony of the vendor that he signed the contract
when he did not have his eye-glasses with him and did not know
whether it contained a provision as to payment of commissions, it
being shown that the broker when he presented the contract for
execution made no representation whatever as to its contents and the
vendor making no claim that he was unable to read without glasses.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Stahl & Sayles, for Appellant.

Tanner, Odell, Odell & Taft, for Respondent.

SHAW, J.—Action by a real estate broker to recover com-
missions for negotiating a sale by exchange of defendant's
real estate.

Defendant appeals from a judgment entered in favor of
plaintiff.

It appears that defendant, by written instrument, expressed
a desire to make an exchange of certain real estate therein
described and owned by him for certain property owned by
one L. H. Webb, the terms and conditions of the exchange pro-
posed being set forth in said writing, which further contained
the following provisions:

"R. E. Muncy is hereby authorized to act as my agent in
negotiating an exchange, and I agree that if I shall secure
an acceptance of the proposition to exchange the above de-
scribed property on the above terms. . . . And it is further
agreed with said R. E. Muncy that when he has secured an
acceptance of the proposition to exchange the above described
property on the above terms, will then pay the sum of com-
missions as per verbal agreement, . . . . . . . . dollars, as com-
missions for such services. . . . (Signed) Wm. Thompson."

Plaintiff procured Webb's acceptance and, with some slight
modification of the contract made by the parties thereto, the
exchange was consummated.

The written instrument construed according to the plain
import of its language, clearly shows that defendant author-

ized plaintiff to negotiate the exchange. The authorization being in writing, the fact that it did not specify the commission to be paid for the service rendered did not subject it to the objection that it was void under the provisions of subdivision 6, section 1624 of the Civil Code. In the absence of any agreement as to commission, the agent, if authorized in writing to negotiate a sale of real estate, is entitled to a reasonable compensation for his services. Here it was agreed that plaintiff should receive the commission as per verbal agreement, which verbal agreement was clearly and properly established by parol evidence.

In his answer defendant alleged that his signature to the instrument was procured by means of fraud and misrepresentations of plaintiff. The court upon abundant evidence found these allegations to be untrue; indeed, the only evidence in support of the allegations is that of defendant, who testified that he signed the instrument when he did not have his eyeglasses with him and did not know whether or not it contained the provision as to the payment of commissions. The document was presented to him by plaintiff who, so far as shown, made no representations whatever as to its contents, and defendant makes no claim that he was unable to read without glasses. At most, his evidence merely shows his own negligence in signing a contract without first acquainting himself with its terms and conditions. Such fact does not entitle him to set aside a contract upon the grounds of fraud and misrepresentation.

The appeal is wholly without merit, and the judgment is, therefore, affirmed.

Conrey, P. J., and James, J., concurred.