[Civ. No. 2105. Second Appellate District.—February 28, 1918.]

## INGLE MANUFACTURING COMPANY, Respondent, v. J. H. SCALES, Appellant.

ASSIGNMENT FOR COLLECTION—RIGHT TO SUE.—A mere assignment for collection, when sufficient in form to vest the legal title in the assignee, authorizes him to prosecute the action.

ID.—INCLUDING OF ASSIGNED CLAIM WITH OTHER DEMANDS—RIGHT OF ASSIGNEE.—Where a claim has been assigned for the purpose of having it included in a suit to be brought by the assignee upon other demands and so avoid the trouble and expense of a separate action, the title passes to the transferee and he may maintain the action.

ID.—RIGHT TO RECEIVE ASSIGNMENT—PLEA OF ULTRA VIRES.—In an action on an assigned claim, the plea of *ultra vires* as to the right of the corporation assignee to receive an assignment of the assignor's interest in the contract sued upon is not available to the defendant who owes the debt.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Joel W. West, and J. C. Needham, for Appellant.

Hendee, Rodabaugh & Mark, for Respondent.

CONREY, P. J.—The defendant appeals from that part of the judgment which was based upon the third cause of

action set out in the complaint. This cause of action was based upon a contract of the defendant to pay to one Robert Deyo a commission for services rendered in procuring an exchange of real property between defendant Scales and another person. As to this cause of action plaintiff sued as assignee of Deyo.

Appellant contends that the evidence was not sufficient to prove an assignment of Deyo's right to the commission; that no consideration for the assignment was proved, and that the plaintiff had no right to receive the assignment. The third point is based upon the limitations contained in plaintiff's articles of incorporation expressing the purposes of its creation, which purposes did not include the business of agency for transfers of real property or the business of collecting claims for other persons.

The instrument of assignment signed by Deyo purported to transfer to plaintiff ''all my right, title and interest in and to a certain agreement for the exchange of real property, executed on the 28th day of May, 1915, by W. A. Bolton, and accepted on the 29th day of June, 1915, by J. H. Scales, in which said agreement I am named as the agent for each of said parties for the exchange of the properties described in said agreement.'' The exchange agreement between Bolton and Scales bore the dates May 20, 1915, and June 4, 1915. The dates in the contract are thus shown to be different from the dates in the assignment. It was, however, shown by the testimony of Deyo that at the time of the assignment the said contract was the only written agreement or contract that he had with Scales. By the terms of that contract Scales agreed that on the making of the exchange he would pay to Deyo, ''as per separate agreement, commission for such services,'' etc. The amount of this commission was proven by parol. No objection is urged that the evidence determining this amount was only in parol. At least the agent was entitled, under the writing alone, to a reasonable compensation for his services. (*Muncy* v. *Thompson,* 26 Cal. App. 634, [147 Pac. 1178].) Appellant does not rely upon any contention that the amount of the commission as allowed was not proved to be reasonable, and there is evidence tending to show that it was a fair and reasonable amount for the services rendered.

There is some evidence tending to show a valuable consideration for the assignment of the claim here in question. Moreover, a mere assignment for collection, when sufficient in form to vest the legal title in the assignee, authorizes him to prosecute the action. Where a claim has been assigned for the purpose of having it included in a suit to be brought by the assignee upon other demands, and so avoid the trouble and expense of a separate action, the title passes to the transferee, and he may maintain the action. (*Hopkins* v. *Contra Costa County,* 106 Cal. 566, 572, [39 Pac. 933]; *Kelley* v. *Hampton,* 22 Cal. App. 68, [133 Pac. 339].) That was the case here.

The plea of *ultra vires* as applied to plaintiff's right to receive an assignment of the assignor's interest in the contract sued upon is not available to the defendant who owes the debt. In *Savings Bank of San Diego* v. *Barrett,* 126 Cal. 413, [58 Pac. 914], the plaintiff was prosecuting the action to foreclose a mortgage made to it by the defendant. The sole consideration for that mortgage was the surrender and delivery to him by the plaintiff of another note and mortgage which had been executed by the defendant to another person and which had been transferred to the plaintiff. The defendant attempted to resist foreclosure upon the ground that the plaintiff was incapable of purchasing or becoming the owner of the former note and mortgage; that notwithstanding the transfer of said note and mortgage to plaintiff, they were worthless in its hands. It was held that "whether the purchase of the mortgage in question was such as the purposes of the corporation required was to be determined by its board of directors, and is not open to investigation at the instance of the defendant. The plaintiff, therefore, by its purchase of the Hamilton note and mortgage, became vested with the title thereto, and with the right to enforce their obligation against the defendant." (See, also, *Union Water Co.* v. *Murphy's Flat Fluming Co.,* 22 Cal. 622.)

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.