[S. F. No. 10199. In Bank.—October 8, 1923.]

MAX MONK, Appellant, v. LOUIS D. EHRET, Respondent.

[1] False Imprisonment — Pleading — Unlawfulness of Imprisonment—Sufficiency of Complaint.—A complaint which in substance alleges that at a certain time and place, while plaintiff was walking along the street, defendant seized upon his person, accused him of theft and larceny of property belonging to defendant, and called a police officer, who, together with defendant, forcibly threw plaintiff in defendant's automobile, and with force and arms held plaintiff in said vehicle and drove him to a police station, where defendant again charged plaintiff with larceny and caused his imprisonment for one hour before he was released, and that said charge was false, and that in causing said arrest and imprisonment defendant acted with deliberate malice, all to plaintiff's damage in a stated sum, states a cause of action for false imprisonment, and it is not necessary to allege that the imprisonment was unlawful.

[2] Malicious Prosecution—Pleading.—An allegation of a want of probable cause for instituting the prosecution and an allegation that the proceedings terminated favorably to plaintiff are elements essential to an action for malicious prosecution.

---

[3] FALSE IMPRISONMENT—PLEADING—SURPLUSAGE — DISREGARD OF.—
Where a complaint contains allegations not necessary to a state-
ment of a case of false imprisonment, and confessedly takes on
the color of allegations usually found in actions for malicious
prosecution, and it is apparent upon its face that it was the
purpose of the pleader acting in good faith to state a case of
false imprisonment, whatever of surplusage allegations there are
to be found not necessary to a statement of said cause of action
are to be disregarded.

[4] APPEAL—POINTS RAISED IN REPLY BRIEFS FOR FIRST TIME.—CON-
SIDERATION OF.—Points raised by an appellant for the first time
in his reply brief will be refused consideration on appeal unless
some meritorious reason is shown why they were not made in
the opening brief.

[5] PLACE OF TRIAL — FALSE IMPRISONMENT — INJURY TO PERSON —
CONSTRUCTION OF AMENDMENT OF 1911 TO SECTION 395, CODE OF
CIVIL PROCEDURE.—The words "injury to person," found in the
amendment of 1911 to section 395 of the Code of Civil Procedure,
which gives a plaintiff, who brings an action for "injury to per-
son," the right to have the action tried in the county where the in-
jury occurred, are, by the language which follows in the code
section, limited to the wrongful or negligent act of another, and
it was not intended by said amendment to extend the right of
place of trial to a trespass based upon false imprisonment. The
injuries to person within the contemplation of the legislature
were those which cause physical injury or incapacity or which
result in death.

APPEAL from an order of the Superior Court of the
City and County of San Francisco granting a motion for
change of place of trial. Timothy I. Fitzpatrick, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Lucius L. Solomons and Fred C. Peterson for Appellant.

White, Miller, Needham & Harber for Respondent.

SEAWELL, J.—The complaint in the action before us
forms the basis of the order granting respondent's motion
for a change of the place of trial from the county in which

3. Rejection as surplusage of matter which tends to negative
offense otherwise stated, note, 47 L. R. A. (N. S.) 671.

it was commenced, to wit, the city and county of San Francisco, to the county of respondent's (defendant) residence, Sacramento county, from which order this appeal is taken. The importance of said complaint is a sufficient justification for its reproduction at length. It follows:

"Plaintiff complaining of defendant for cause of action alleges:

"I.

"That heretofore, to wit, on the 30th day of August, 1920, in the City and County of San Francisco, at the intersection of Stockton and O'Farrell Street in the City of San Francisco, while plaintiff was walking along the street in pursuance of his usual business defendant seized upon his person, accused him of theft and larceny of certain property belonging to defendant, and after so seizing upon his said person, called a police officer of the San Francisco municipal police force and caused his arrest; wherefore said defendant and said police officer together forcibly took hold of plaintiff's person and against his will and over his protest, forcibly threw him into an automobile owned and operated by defendant, and with force and arms held him in said vehicle and drove him to the police station of the said City and County of San Francisco, where defendant again charged and accused plaintiff of the crime of larceny and caused his imprisonment; and immediately thereafter plaintiff was imprisoned and confined in said police station and detained therein for one hour upon said charge and thereafter was released.

"That said charge of larceny was wholly false and plaintiff did not at any time commit larceny or theft or any crime or offense against defendant or his property and was wholly innocent of any charge made against him by said defendant and had not committed any act which made him subject to arrest or imprisonment.

"That in making said false charge and causing said arrest and imprisonment, defendant acted with deliberate and premeditated malice.

"That by reason of the premises plaintiff has been damaged in the sum of five thousand dollars ($5,000.00) no part of which has been paid." The prayer follows:

Appellant contends that the complaint fails to state a cause of action for malicious prosecution and respondent

insists that it fails to state a cause of action for false imprisonment. The affirmative sequela of appellant's proposition is, therefore, that the complaint states a cause of action for false imprisonment, while that of respondent is that it states a cause of action for malicious prosecution. While the elements of both causes of action are somewhat mixed by the pleadings we are of the opinion that the common-law distinctions of the two causes of action are not important, as the question must be determined by the application of section 395 of the Code of Civil Procedure as amended in 1911. [1] We are satisfied that the complaint states a cause of action for false imprisonment. It is not necessary to allege that the imprisonment was unlawful. (*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 Pac. 381] ; *People* v. *McGrew,* 77 Cal. 570 [20 Pac. 92] ; *Sebring* v. *Harris,* 20 Cal. App. 56 [128 Pac. 7] ; *Raymond* v. *Corrigan,* 37 S. D. 609 [159 N. W. 131] ; 25 C. J. 530, 531.) In the case of *Davis* v. *Pacific T. & T. Co.,* 127 Cal. 312, at page 320 [57 Pac. 764, 765], it was said: "In order for the complaint to state a cause of action under the above definition [of false imprisonment] it would have to show that the defendant unlawfully arrested the plaintiff without legal authority." This statement is *obiter dicta,* because in that case the complaint affirmatively alleged that the plaintiff was arrested by legal process. There was in that case no intention to overrule the decision in *Ah Fong* v. *Sternes, supra,* for that case is cited on page 322 of 127 Cal. [57 Pac. 766], in connection with the following statement: "We have carefully examined the cases cited by appellant's counsel and find nothing in them in conflict with what has been said."

All of the elements essential to constitute a cause of action for false imprisonment are to be found in the complaint, segmentally appearing, it is true, but nevertheless existing. [2] The elements essential to constitute a cause of action for malicious prosecution are absent, to wit, an allegation of a want of probable cause for instituting the prosecution and an allegation that the proceedings terminated favorably to plaintiff. These elements are essential to an action for malicious prosecution. (*Nelson* v. *Kellogg,* 162 Cal. 621 [Ann. Cas. 1913D, 759, 123 Pac. 1115].) [3] While it is true that the complaint contains allegations not necessary to a statement of a case of false imprisonment, and confessedly takes on the

color of allegations usually found in actions for malicious prosecution, it is apparent upon its face that it was the purpose of the pleader acting in good faith to state a case of false imprisonment, and whatever of surplusage allegations there are to be found not necessary to a statement of said cause of action are to be disregarded. This is a general rule of pleading. Specifically in point is *Deason* v. *Gray,* 189 Ala. 672 [66 South. 646].

It is the position of appellant that false imprisonment is a common-law trespass, while malicious prosecution is a trespass on the case. Both come within the class of common-law injuries to person. The effort of appellant, therefore, is to make a distinction between false imprisonment and malicious prosecution so as to avoid the effect of *Graham* v. *Mixon,* 177 Cal. 88 [L. R. A. 1918F, 1023, 169 Pac. 1003]. That case holds that libel, which is also an injury to person at common law, and classified as a trespass on the case, is not such an injury to person as would entitle a plaintiff to resist a motion to change the place of trial to the county in which the defendants or some of them resided at the commencement of the action.

Appellant for the first time made the point in his reply brief, filed in the district court of appeal for the first district, division two, that whether or not the complaint stated a cause of action for either false imprisonment or malicious prosecution it nevertheless stated a cause of action for assault and battery, and this being true, it is sufficient to defeat respondent's motion. **[4]** Points raised at this state of the proceeding for the first time have been refused consideration by this court unless some meritorious reason is shown why they were not made in the opening brief. (*Kahn* v. *Wilson,* 120 Cal. 643 [53 Pac. 24]; 2 Cal. Jur. 734, sec. 424.) There appears to be no good reason for making an exception to the rule there announced. The allegations were of appellant's selection and the effect of the same were just as patent when the case was presented to the superior court as when presented on appeal. So far as the merits of the controversy are concerned this point is rendered immaterial, inasmuch as the allegations of false imprisonment present the same question that would be raised by a complaint alleging an assault and battery. Both are alike tres-

passes. Therefore, no injury comes to appellant by a failure to consider the latter point.

It will be observed, however, that the complaint contains no allegation of corporeal or physical injury by reason of any battery or violence.

Section 395 of the Code of Civil Procedure as amended in 1911, and which is determinative of the question of venue, provides as follows: "In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action, [or if it be an action for injury to person, or property, or for death from wrongful act or negligence, in the county where the injury occurs or the injury causing death occurs, or in the county in which the defendants or some of them reside at the commencement of the action]. . . . "

That portion of the section inclosed by brackets is the amendatory language added to the section by the legislature of 1911. The portion without brackets presents the section precisely as it stood before amendment so far as the point presented by this appeal is concerned.

It is conceded by appellant that prior to said amendment respondent would have had the right to have the cause tried in the county of his residence whether the facts constituted a cause of action for false imprisonment, malicious prosecution, or any other sort of trespass. The section must be examined, then, with reference to the question as to whether the legislature intended in cases of false imprisonment to change the law as it had long existed so as to deprive a defendant of a right which he formerly enjoyed.

Former Chief Justice Shaw, in *Gridley* v. *Fellows,* 166 Cal. 765 [138 Pac. 355], in discussing the constitutionality of this amendment in its relation to specified classifications of cases, and whether or not such classifications characterized it as a local or special law, expressed the opinion that the injuries to persons which gave the choice of one of two counties to a plaintiff were limited to those injuries which were of a physical or bodily character, as a distinct class, and did not include such injuries to persons as merely affect reputation or character. It is there said: "The sole question for consideration is whether causes of actions for bodily injuries or for injuries to property are so alike in all respects to other causes of actions, such as actions for slander

or libel or actions on contract at law or in equity, that no reasonable basis can be found for a provision allowing the former to be tried in the county where the injury occurred, which is not the residence of the defendant, which does not apply with equal force to the latter actions mentioned. . . . *Actions to recover damages caused by bodily injuries, or by injuries to property, are well known as distinct classes of actions.* They are each separately treated in the text-books of law. Each forms a distinct and well-known class with attributes and qualities of its own and each is or has been affected and controlled to some extent by distinct and different rules of law, evidence, and procedure. They are so clearly distinguished from other actions that there is no difficulty in recognizing and classifying them. We think they are sufficiently distinguished by the probable interests and convenience of the parties and by considerations of public convenience and policy, not applying so strongly to other actions, to justify the legislature in providing, as it has, that the defendant shall not have the absolute right to demand that the cause be removed for trial to the county of his residence, in case it is not the county in which the injury occurred." (Italics ours.)

Again, Mr. Justice Melvin, in *Graham* v. *Mixon, supra,* quoting at considerable length from *Gridley* v. *Fellows, supra,* concluded his review of the section as follows: "It will thus be seen that this court has never regarded the section as one which applies, so far as actions for personal injuries are concerned, to any but those based upon physical lesions. It is also to be remembered that although injuries are classified as injuries to property and injuries to the person (Code Civ. Proc., secs. 28, 29), causes are more elaborately differentiated in designating the classes of action which may be united. Those for 'injuries to character' and 'injuries to person' are separately enumerated. (Code Civ. Proc., sec. 427.) It will thus be seen that in the code itself the expression 'injuries to persons' is not always used with the same broad significance as respondent would have us give to it, following section 29 of the Code of Civil Procedure."

[5] We are of the opinion that the words "injury to person" are, by the language which follows in the code section, limited to the wrongful or negligent act of another

and that it was not intended by said amendment to extend the right of place of trial to such a trespass as is described by the complaint in the instant case. The specific terms indicate that the injuries to person within the contemplation of the legislature were those which cause physical injury or incapacity or which result in death.

There can be but little doubt that the increasing number of bodily injuries and deaths and injuries to property brought about by the general use of motor vehicles gave legislative suggestion for the amendment. And further, it is a part of our legislative history, which we take notice of, that the amendment under discussion was passed in 1911, the same year that the first industrial accident board act was passed. The legislation had to do with bodily or physical injuries or deaths resulting from injuries received in the line of various employments as by said act provided. The legislative mind at that session of the legislature was intensely engrossed with the subject of personal injuries and was not at all concerned with common-law trespasses. This is shown by the extent and character of legislation on the subject of physical injuries as contrasted with the fact that not a single code section defining false imprisonment, malicious prosecution, assault and battery, libel, or slander was amended or revised.

Upon examination of the code language, and aided by the construction given it by the decisions heretofore cited, and from a consideration of the legislative situation, we are of the opinion that no such radical change was made or intended to be made by the amendment as is contended for by appellant.

Because of the conclusion reached on other grounds it becomes unnecessary to discuss the rule as to a commingling of causes of action as affecting the right of a change of place of trial and which is treated in *Ah Fong* v. *Sternes, supra,* and *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523], or its application to the pleadings in the instant case.

The order appealed from is affirmed.

Kerrigan, J., Lennon, J., Lawlor, J., Wilbur, C. J., and Waste, J., concurred.

Rehearing denied.

All the Justices concurred.