[Civ. No. 3016.   Third Appellate District.—May 22, 1926.]

THE CITY OF STOCKTON (a Municipal Corporation), Respondent, v. WILLIAM W. ELLINGWOOD et al., Appellants.

[1]  Place of Trial—County or City as a Party—Change of Venue—Constitutional Law.—Section 394 of the Code of Civil Procedure, which allows either party in civil actions where the county, city, or city and county is plaintiff to move to change the place of trial, but only allows the defendant that right in civil actions where the county, city, or city and county is defendant, is not violative of the provisions of section 25 of article IV of the constitution prohibiting the passing of local or special laws regulating the practice of courts of justice or providing for changing the venue in civil or criminal actions.

[2]  Id.—Right to Change—Parties—Reasonable Distinction—Local Bias—Presumption.—It must be presumed in favor of the constitutionality of section 394 of the Code of Civil Procedure that the legislature determined, upon sufficient investigation, that in an action by a city to condemn lands in some other county for a reservoir site, in order to avoid any local bias which would probably affect the verdict of a jury, justice requires that the place of

1.  See 18 Cal. Jur. 1123.

trial be changed to a neutral county, and it cannot be held that there is no reasonable and substantial basis for such legislative determination or that a like bias would probably exist against an individual plaintiff in an action commenced by him in a county other than that of his residence against a municipality situated therein or against the county itself.

[3] ID.—EMINENT DOMAIN—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—ENDS OF JUSTICE—BURDEN OF PROOF.—The convenience of witnesses must yield to the ends of justice; and, where the plaintiff in an action by a city to condemn lands in some other county for a reservoir site moves to have the place of trial changed from that county to a neutral county, and the defendants move to have the action retained in the former county on the ground of convenience of witnesses, the burden is upon the defendants that both "the convenience of witnesses and the ends of justice" would be promoted by granting their motion, and that burden is not met by merely showing that the convenience of witnesses would be so promoted.

[4] ID.—DISQUALIFICATION OF COUNTY—PROOF OF IMPARTIALITY OR CONVENIENCE.—The disqualification of a county under the provisions of section 394 of the Code of Civil Procedure, like the implied bias of a juror as denied by section 602 of said code, or the disqualification of a judge under the provisions of section 170 of said code, cannot be removed or overcome by proof of impartiality or convenience; and where an impartial trial cannot be had in a county, it cannot be said that "the ends of justice would be promoted" by retaining the action therein for trial.

(1) 36 Cyc., p. 1013, n. 64.    (2) 12 C. J., p. 799, n. 63; 23 C. J., p. 59, n. 22.    (3) 40 Cyc., p. 164, n. 42.    (4) 40 Cyc., p. 163, n. 40.

APPEAL from an order of the Superior Court of Calaveras County granting a motion for change of place of trial. J. A. Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nutter, Hancock & Rutherford, F. J. Solinsky, Joe Huberty and A. P. Hayne for Appellants.

J. LeRoy Johnson and Thomas S. Louttit for Respondent.

Jess E. Stephens, W. B. Mathews, Goudge, Robinson & Hughes, John J. O'Toole and Robert M. Searls, as *Amici Curiae.*

3.  See 25 Cal. Jur. 884.

FINCH, P. J.—This is one of more than twenty proceedings in eminent domain commenced in the superior court of Calaveras County by the plaintiff, situated in San Joaquin County, to condemn lands in Calaveras County for a reservoir site. On motion of the plaintiff the court transferred the proceeding to the adjoining county of Amador for trial. The defendants other than Macnider have appealed from the order of transfer.

There is no dispute as to the facts. At the hearing the defendants moved the court, upon affidavit, to deny plaintiff's motion and to retain the proceeding for trial "in the superior court of Calaveras County for the convenience of witnesses that will be called herein and to promote the ends of justice." The facts stated in the affidavit were not denied. The transfer was made pursuant to the provisions of section 394 of the Code of Civil Procedure. That section provides:

"An action or proceeding against a county, or city and county, may be commenced and tried in such county, or city and county, unless such action or proceeding is brought by a county, or city and county, in which case it may be tried in any county, or city and county, not a party thereto. Whenever an action or proceeding is brought by a county, city and county, or city, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of *either party* (the said defendant), transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, and other than that in which the defendant resides or is doing business or is situated. Whenever an action or proceeding is brought against a county, city and county, or city, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city is situated, and other than the

defendant county, or city and county, or county in which such defendant city is situated.''

[1] Appellants contend that section 394 is violative of the provisions of article IV, section 25, of the constitution, reading as follows: ''The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . Third—Regulating the practice of courts of justice. Fourth—Providing for changing the venue of civil or criminal actions.'' In *Mono Power Co.* v. *Los Angeles*, 33 Cal. App. 675, 677 [166 Pac. 387], section 394 as it then stood was held to be constitutional. Subsequent to that decision the section was amended by substituting the words which are italicized in the foregoing quotation for the words therein placed in parentheses. (Stats. 1921, p. 573.) Appellants argue that this change renders the section unconstitutional in that, as amended, it allows ''either party in civil actions where the county, city, or city and county is plaintiff to move to change the place of trial; but . . . when the city or city and county or county is a party defendant, only the defendant has a right to move to change the place of trial and the plaintiff in such civil actions is denied the right.'' In *Gridley* v. *Fellows*, 166 Cal. 765, 768 [138 Pac. 355], in considering the constitutionality of an amendment to section 395 of the Code of Civil Procedure providing for the trial of ''an action for injury to person, or property, or for death from wrongful act, or negligence, in the county where the injury occurs, or the injury causing death occurs, or in the county in which the defendants, or some of them, reside at the commencement of the action,'' it is said: ''The provision of the amendment of section 395 in question, it is true, applies only to specified classes of cases. But it applies alike in every part of the state to all actions embraced in the classes described. Consequently it is not a local law. It cannot be deemed a special law forbidden by the constitution if it is addressed to a class or classes based on some natural, intrinsic, or constitutional distinction or difference, reasonable and substantial, between these actions and others not included and sufficient in some reasonable degree to account for or justify the making of the different rule. . . . The presumption is in favor of the legislative action. The court cannot decide that the classification is unjustifiable in reason, unless it

can see that the presumption is overcome because no reason exists. The code itself, in sections 392 and 393, enacted long before the adoption of the present constitution, made special provisions for the place of trial of actions to recover real property, actions for injuries thereto, actions for partition thereof, actions to foreclose liens thereon, actions to recover penalties or forfeitures, and actions against a public officer. It has never been supposed that these special regulations are unconstitutional discriminations, or that they would be special laws within the constitutional inhibition, if enacted after the adoption of the constitution of 1879.''

[2] It is a part of the current history of the state that a number of municipalities have acquired valuable and, in some instances, extensive areas of land in counties other than those in which such municipalities are situated for the purposes of obtaining adequate water supplies and developing electric power. It is a matter of common knowledge that public opinion in such counties has been aroused at times in hostile opposition to such undertakings. Whether such opposition has been justified or not is beside the question. It must be presumed in favor of the constitutionality of the section that the legislature determined, upon sufficient investigation, that in a case such as this, in order to avoid any local bias which would probably affect the verdict of a jury, justice requires that the place of trial be changed to a neutral county. It cannot be held that there is no reasonable and substantial basis for such legislative determination or that a like bias would probably exist against an individual plaintiff in an action commenced by him in a county other than that of his residence against a municipality situated therein or against the county itself. As a rule there is no general public opinion at all respecting the merits of an action brought by an individual against a county or a municipality therein. There being a reasonable basis of distinction between the two classes of cases, the provision for a change of venue in the one class and not in the other cannot be deemed a special law within the constitutional inhibition.

[3] Appellants contend that the court erred in denying their counter-motion to retain the case for trial in Calaveras County on the ground of convenience of witnesses. The burden was upon the appellants to show, in support of their

motion, that both "the convenience of witnesses and the ends of justice would be promoted" by granting their motion. (Code Civ. Proc., sec. 397, subd. 3.) They showed merely that the convenience of witnesses would be so promoted. **[4]** The disqualification of a county under the provisions of section 394, like the implied bias of a juror as defined by section 602, or the disqualification of a judge under the provisions of section 170, cannot be removed or overcome by proof of impartiality or convenience. Section 394 is based upon the legislative determination that there is reason to believe that the plaintiff in an action such as this cannot have an impartial trial in the county in which the action is commenced. If an impartial trial cannot be had therein it cannot be said that "the ends of justice would be promoted" by retaining the action therein for trial. The convenience of witnesses must yield to the ends of justice.

The order is affirmed.

Hart, J., and Plummer, J., concurred.