[Civ. No. 18708.   Second Dist., Div. Two.   Mar. 12, 1952.]

WILLIAM CRAMER, Respondent, v. LEE WA CORPORA-
TION (a Corporation) et al., Appellants.

Shepherd & Shepherd for Appellants.

Frye & Yudelson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a real estate broker's commission, defendants appeal.

*Facts*: Defendant corporations owned certain apartment buildings which became the subject of negotiations leading to a preliminary agreement dated October 25, 1949, whereby the companies transferred three apartment buildings to Rodney M. Benson in exchange for a piece of property located at 6601 Langdon Avenue, Van Nuys. This agreement provided that the commission to be paid plaintiff was "to be mutually agreed upon."

Thereafter defendant corporations delivered to plaintiff a listing agreement containing this provision: "If a sale or exchange is effected by him during their agency for the above described property, I agree to pay them Five (5%) percent of the selling price, as commission for their services, . . ."

On October 26, 1949, plaintiff and defendants entered into a further agreement reading as follows:

"Regarding Standard Exchange Agreement, dated October 26th, between Lee Wa Corp., Dickens St. Company, Jenner Corp. of which I am President and Mr. Rodney G. Benson, Jr., wherein I am exchanging 3 apartment buildings, legally described as Lots 503, 443 and 508 of Tract 5822, M. B. 66 P. 64-65, in City and County of Los Angeles State of California, for a home located at 6601 Langdon Ave., Van Nuys, legally described as Lots 17 & 18 and Southerly 4.80 ft. of Lot 19 of Tract 11449 M. B. 255 P. 14-15, City and County of Los Angeles, State of California; I hereby agreed to pay William Cramer, a licensed realtor commission after completion of this exchange on the following basis as remuneration for his work in negotiating said exchange:

"It is understood that the home at 6601 Langdon Avenue, is to be sold, at which time I will pay William Cramer, his commission on following basis:

"Asking price for home & furnishings $85,000.00.

"At above price I will pay William Cramer $20,000 commission, for his entire services in entire deal.

"If the home and furnishings is sold at less than $85,000 I will pay William Cramer a minimum of $15,000 commission,

providing I at least receive $50,000 net to me less escrow & title charges.

"If it becomes necessary to sell the house at a lesser price than that which nets me $50,000, I will negotiate with William Cramer on a new commission basis."

About June 14, 1950, the property was sold for $47,000 through another broker, and after defendants denied a demand for his commission, plaintiff instituted the present action.

*Questions*: First: *Did the evidence disclose that plaintiff was entitled to judgment for the reasonable value of the services rendered by him to defendants?*

*Yes.* The following rules are here applicable:

■ (1) All the terms of employment of a real estate broker need not be expressed in writing. It is sufficient if the fact of employment is certain. The contract need not state the amount of compensation to be paid. (*Caminetti v. National Guar. Life Co.*, 56 Cal.App.2d 92, 95 [1] [132 P.2d 318].)

■ (2) Where a broker's contract of employment does not show the amount of commission to be paid it will be construed as an agreement to pay a reasonable sum. (*Caminetti v. National Guar. Life Co., supra.*)

■ (3) If a real estate broker's contract leaves the determination of the amount of commission to later negotiations and the parties are unable to agree, then in an action instituted to recover the commission, the court will allow the broker a commission in an amount equal to the reasonable value of the services rendered. (*Caminetti v. National Guar. Life Co., supra; Muncy v. Thompson*, 26 Cal.App. 634, 636 [147 P. 1178].)

■■ Applying the foregoing rules to the facts of the instant case, under rule (1), *supra,* plaintiff was entitled to a commission after the written agreement employing him had been signed, the properties exchanged and the Langdon Avenue property sold. Under rules (2) and (3), the parties not having been able to agree upon a commission, the trial court properly received evidence as to the reasonable value of plaintiff's services and gave judgment accordingly.

■ Second: *Was there substantial evidence to sustain the trial court's finding that plaintiff's services were of the reasonable value of $14,044.50?*

*Yes.* Plaintiff testified that his services were reasonably

worth $15,000. This evidence sustains the trial court's finding as to the reasonable value of plaintiff's services, in fact, the trial court might have accepted plaintiff's testimony and awarded a larger amount.

Third: *Did the provision in the contract of October 26, 1949, reading, "If it becomes necessary to sell the house at a lesser price than that which nets me $50,000, I will negotiate with William Cramer on a new commission basis" limit plaintiff's right to a commission to a situation where the sale of the property netted defendants at least $50,000?*

*No.* The quoted language simply provided that if the sale of the property did not net defendants at least $50,000, then defendants would negotiate with plaintiff for the amount of his commission.

Where the parties are unable to agree on the commission, as in the present case, under rules (2) and (3) set forth above in answering the first question, the amount of commission is the reasonable value of the services as found by the trier of fact supported by substantial evidence.

Fourth: *Was plaintiff's recovery limited to $6,000 because, during the course of negotiations in an effort to compromise, plaintiff had offered to take $6,000 in settlement of his claim?*

*No.* Such evidence was received for the limited purpose of showing attempts at negotiating a settlement. In view of the circumstance that it was made by way of compromise, it was not binding upon plaintiff. (*Cf.* Code Civ. Proc., § 2078.)

Since one count of the complaint seeking to recover the reasonable value of services rendered was supported by evidence, which count in turn sustained the judgment, errors alleged by counsel with reference to the other count in the complaint will not be considered since, regardless of the determination of the questions raised by counsel with reference to the other counts a reversal of the judgment would not result. (*Martin* v. *Los Angeles Turf Club, Inc.,* 39 Cal.App. 2d 338, 349 [11] [103 P.2d 188].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied March 31, 1952, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1952.