[Civ. No. 17993.   First Dist., Div. Two.   Mar. 24, 1959.]

A. T. DAVINROY, Respondent, v. W. C. THOMPSON et al., Appellants.

Leon H. Sorell, Philander Brooks Beadle and John T. Tully for Appellants.

James D. Lucey for Respondent.

KAUFMAN, P. J.—In this action for recovery of a real estate broker's commission earned in negotiating an exchange of real estate, defendants appeal from a judgment in favor of the plaintiff broker. The trial court found that the defendants entered into a written agreement of exchange with Charles W. Beeler about September 1, 1954; that this agreement was not rescinded; that pursuant to this agreement, the exchanges were completed and consummated through the City Title Insurance Company, acting as escrow; that plaintiff performed services for the defendants as a real estate broker at their written request and authorization in connection with the said agreement and consummation of the exchange; that the reasonable and agreed value of plaintiff's services was $30,000 which the defendants promised to pay, and of which amount defendants have paid $1,710.

Defendants challenge the sufficiency of the evidence to support the findings and the judgment, contending: that the written agreements provide that no broker's commission was to be paid to the plaintiff; that testimony to establish an oral agreement was inadmissible as it was barred by the statute of frauds (Civ. Code, § 1624); that therefore, the finding that there was an agreement to pay a commission is unsupported by the evidence, and that neither of the writings was signed by defendant Opal Fern Thompson.

The exchange agreement dated September 1, 1954, reads in part as follows: ''The real estate brokers in this transaction are recognized as A. T. DAVINROY, representing parties of the first part, and HUBERT RICE, representing party of the second part. Commissions are to be settled and paid for outside of the escrow.'' The escrow instructions dated September 10, 1954, provide in part as follows: ''3. That no agent's or brokers' commission or other compensation are due or payable

by the escrow holder or otherwise.'' Both instruments are typed out for W. C. Thompson and Opal Fern Thompson, his wife, and signed only by W. C. Thompson.

Defendants argue that the escrow instructions rescind the provision quoted above in the exchange agreement. There is, however, no evidence to support this contention. The trial court correctly concluded that the agreement of September 1, 1954 was never rescinded.

■ Defendants next argue that the agreement of September 1, 1954 is not a sufficient writing to satisfy Civil Code, section 1624, subdivision 5. The portion quoted above, however, establishes the fact of employment with certainty. The statute does not require that the writing contain all of the terms of employment. It is sufficient if the fact of employment is certain, and the contract need not state the amount of compensation to be paid. (*Cramer* v. *Lee Wa Corporation*, 109 Cal.App.2d 691 [241 P.2d 550]; *Bruner* v. *Van's Markets*, 103 Cal.App.2d 135 [229 P.2d 56]; *Lathrop* v. *Gauger*, 127 Cal.App.2d 754 [274 P.2d 730].) ■ Where the memorandum authorizing a broker to sell property required by the Statute of Frauds is established, an agreement for and the amount of a commission may be shown by parol. (*Herring* v. *Fisher*, 110 Cal.App.2d 322 [242 P.2d 963].) The trial court therefore properly admitted oral evidence as to the agreement between the plaintiff and the defendants, and its conclusion as to the existence of the agreement and the amount of compensation agreed upon is supported by the evidence.

Defendant's final contention on appeal is that as neither of the writings was signed by defendant Opal Fern Thompson, there is no evidence to support the finding that the plaintiff performed services for her as a real estate broker and at her written request and authorization. ■ There is ample evidence to support the trial court's finding that Mr. Thompson was acting as his wife's agent. He testified that his wife knew about and consented to the contemplated exchange. Her signature appeared on the deed and some of the escrow instructions. Mrs. Thompson testified that her husband handled the transaction for her and whatever he did was satisfactory to her. ■ A husband and wife may act as agent for one another. ■ Such agency may be proved by circumstantial as well as direct evidence, and may be shown by less evidence than in other kinds of agency. (*Stegeman* v. *Vandeventer*, 57 Cal.App.2d 753 [135 P.2d 186].) ■ Where a broker spends

his time and money for the benefit of a wife, assuming she has given proper authority to her husband to act as her agent, and she signs deeds and accepts the benefit of the completed transaction, the courts will not permit her to use the Statute of Frauds to deprive the broker of his commission. (*Laack* v. *Dimmick*, 95 Cal.App. 456 at 467 [273 P. 50].)

In view of the foregoing the judgment finds support in the record before us and must be affirmed.

Judgment affirmed.

Draper, J., concurred.

DOOLING, J.—I concur. The opinion disposes fairly of all questions raised in appellants' opening brief. In a brief in letter form filed by appellant by leave of court in lieu of oral argument additional points are presented for the first time. Appellant should present all points upon which he relies for reversal in his opening brief and we are fully justified in refusing to consider the other arguments so tardily made. (*Monk* v. *Ehret*, 192 Cal. 186, 190 [219 P. 452]; *Grayson* v. *Grayson*, 132 Cal.App.2d 471, 472 [282 P.2d 565]; 4 Cal.Jur.2d 324.)

A petition for a rehearing was denied April 23, 1959, and appellants' petition for a hearing by the Supreme Court was denied May 20, 1959.